# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| Lovado Adams | |
|        Plaintiff, | |
| | |
| v. | CIVIL ACTION NO. |
| | |
| The City Of New York; New York City | JURY TRIAL DEMAND |
| Police Department; Police Officers | |
| "Jane Doe" And "John Doe" | |
| 1-10 Inclusive; | |
|        Defendants | |

Plaintiff Lovado Adams as and for her complaint, by her undersigned counsel, alleges as follows:

### INTRODUCTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 and § 1985, and arising under the law and statutes of the State of New York.

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully seizing and searching plaintiff.

### JURISDICTION and VENUE

3. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1983 and 28 U.S.C. §§

1

1331 and 1343.

4. This Court's supplemental jurisdiction is invoked on state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391, as the deprivation of rights complained of herein occurred in Bronx County, New York.

## PARTIES

6. The plaintiff, Lovado Adams (hereinafter "Adams"), an African American female, is a resident of Bronx county in the State of New York.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants "John Doe" and "Jane Doe" 1'through'10 are unknown police officers for the City of New York, acting under color of state law. They are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about July 24, 2007, at approximately 12:34 PM, two police officers employed with the New York City Police Department, without probable cause and/or justification, detained the plaintiff at 3519 White Plains road in Bronx County, New York. These officers arrested plaintiff despite evidence that she had done nothing wrong.

2

11.     Prior to and after effecting the illegal arrest against the plaintiffs, the plaintiff had been struck by the drunken owner of a bodega, Mr Genaro Castillo with such force that an examining physician noted severe facial bruising.

12.     This assault occurred in the presence of said officers, who failed to protect plaintiff. Instead the officers handcuffed plaintiff, arrested her and would not let her have her backpack which they allowed the Bodega owner to keep inspite of her numerous pleas to have the bag brought to the station with her and inspite of the officers knowing that the backpack belonged to plaintiff.

13.     At no point was the plaintiff read her Miranda rights by the two arresting police officers.

14.     That even though the defendant police officers knew should have known based on the facts that no crime had been committed, they still proceeded to arrest plaintiff, charge and then drop same charges, assault and incarcerate plaintiff just to intimidate plaintiff, further aggravating the plaintiff injuries.

15.     Plaintiff was not allowed to use the bathroom at the station in spite of repeated pleas by the plaintiff to be allowed to ease herself.

16.     Plaintiff who is anemic was detained in a torn shirt and refused any body covering even after she complained of chills and begged for something to put on.

17.     Plaintiff was detained for 2 days without cause. She was released with no charges being brought against her. The reason given for not bringing charges was that Mr. Castillo, the Bodega owner who assaulted her, was too drunk to make a statement.

18.     At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiff trespass at

3

the alleged property or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the police.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

20. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering. some or all of which may be permanent.

22. As a direct and proximate result of her unlawful detention, assault, confinement, Plaintiff has lived in terror of the attack, and continues to suffer from nightmares, is fearful of going outside when she sees the police, and suffers various emotional attacks, in addition, and has been unable to function normally which has caused a severe strain and breakdown in her personal relationships, in and outside of her home and has lead to plaintiff becoming homeless.

23. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the

4

United States Constitution and the laws of the City of New York and the State of New York.

25.    Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

26.    Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

27.    The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in her person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28.    By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS AND FOR A FIRST CAUSE OF ACTION

*42 U.S.C Section 1983-against Defendants Officers*

29.    Plaintiff hereby restate all paragraphs above of this complaint, as though fully set forth below

30.    By detaining and imprisoning Plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

31.    In addition, the Defendants officers conspired among themselves to deprive plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

32.    The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

33.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

**AS A SECOND CAUSE OF ACTION**

6

*New York State Constitution, Art. 1 Section 12*

34.  Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

35.  By detaining and imprisoning Plaintiff, without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officer deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

36.  In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

37.  The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution.

38.  Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of her state constitutional rights. Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

39.  As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION

7

*Assault and Battery--all Defendants*

40.  Plaintiff hereby restate all paragraphs of this complaint, as though fully set forth below

41.  In physically assaulting, handcuffing, threatening, intimidating plaintiff, the Defendants Officers, acting in their capacities as NYPD Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

42.  As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION

*False Arrest and False Imprisonment--all defendants*

43.  Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below

44.  The Defendants Officers wrongfully and illegally detained, and imprisoned the Plaintiff.

45.  The wrongful arrest and imprisonment of the Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

46.  At all relevant times, the Officers Defendants acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

47.  During this period, the Plaintiff was unlawfully and wrongfully assaulted, harassed, detained, and threatened.

48.  Throughout this period, the Plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

49.  All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

50. Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

51. The Defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

52. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION

*Intentional Infliction of Emotional Distress-all Defendants*

53. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

54. The Defendants Officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

55. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

56. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendants Officers. Defendant City of New York, as employer of the Officers, is

9

responsible for their wrongdoing under the doctrine of respondeat superior.

57.   As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION

*Negligent and Retention of Employment Services-against defendant City of New York.*

58.   Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

59.   Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

60.   Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

61.   Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officer Defendants were not prudent and were potentially dangerous.

62.   Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiffs' injuries.

63.   Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiffs incurred significant and lasting injuries.

## AS A SEVENTH CAUSE OF ACTION

*Negligence against all defendants.*

10

64.    Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

65.    As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

66.    That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that she will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as she was forced to, and is still forced to expend sums of money on medical treatment; that she was deprived of her pursuits and interests and believes that in the future she will continue to be deprived of such pursuits; and that said injuries are permanent.

67.    This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.


## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, plaintiff respectfully requests judgment against the Defendants as follows:

1.    On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

11

2.    On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3.    On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4.    On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5.    On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

6.    On the Sixth Cause of Action, against the City of New York, compensatory damages in an amount to be determined at trial; and

7.    On the Seventh Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

8.    Such other and further relief as this Court may deem necessary in the interest of justice.


Dated:        New York, New York            Respectfully submitted,
              June 03, 2008

                                            /S/
                                            UZOMA EZE (UE0475)
                                            Attorney for Plaintiff
                                            225 Broadway Suite 705

                                            12

New York, NY 10007
212.312.7214

Defendant's Address:
New York Corporation Counsel
100 Church Street
New York, New York 10007

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
==================================================

**LOVADO ADAMS,**

Plaintiff,

-against-

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT
Defendant(s)
==================================================
SUMMONS                    AND                    COMPLAINT
==================================================

## UZOMA ALEX EZE, Esq.

Attorney for Plaintiff

225 BROADWAY SUITE 705

NEW YORK, NEW YORK 10007

212-312-7214

==================================================

To:   (Attorney for Defendants)
NEW YORK CORPORATION COUNSEL
100 CHURCH STREET
NEW YORK, NY 100007

Service of a copy of the within
is hereby admitted.

Dated: June 2008

14