**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
———————————————————————————

**LOVADO ADAMS,**

                      **Plaintiff,**     **08 Civ. 5263 (JGK)**

       **- against -**               **MEMORANDUM OPINION**
                                          **AND ORDER**

**THE CITY OF NEW YORK, ET AL.,**

                      **Defendants.**
———————————————————————————

**JOHN G. KOELTL, District Judge:**

    The plaintiff has filed the attached application, dated February 14, 2012, seeking a new trial.


**I.**

    The plaintiff sued the City of New York and certain New York City police officers (collectively, the "City defendants"), as well as Genaro and Rosa Castillo.  The plaintiff asserted various claims arising out of an incident in which she alleged that the City defendants and the Castillos had violated federal and state law in an alleged conspiracy to deprive her of various civil rights in connection with an alleged unconstitutional arrest and use of excessive force.

    The plaintiff's claims against the City defendants were dismissed pursuant to a motion for summary judgment on March 2, 2010.  The case proceeded against the two Castillo defendants.  The plaintiff's attorney then moved to withdraw from representing the plaintiff and that motion was granted in April

1

2010.  The Court thereafter repeatedly stayed the case to give the plaintiff the opportunity to retain new counsel, but the plaintiff was unsuccessful in doing so.  The Court requested the Pro Se Office to obtain pro bono counsel to assist the plaintiff in attempting to settle her case with the Castillos, but the relationship with pro bono counsel was also unsuccessful.  The case was not settled.

In May, 2011 the Court directed the Pro Se office to send the plaintiff a free copy of the Manual for Pro Se Litigants to assist the plaintiff in proceeding with the case and the docket sheet reflects that the Manual was sent.  The plaintiff ultimately tried her case pro se before a jury for three days from January 10 to January 12, 2012.  The jury returned a verdict in favor of the Castillos on each of the plaintiff's claims against them, and Judgment was entered in favor of the Castillos on January 17, 2012.


## II.

Under Rule 59 of the Federal Rules of Civil procedure, a "court may, on motion, grant a new trial on all or some of the issues—and to any party . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  The Court of Appeals for the Second Circuit has explained that

2

"[a] district court may grant a new trial pursuant to Rule 59 even when there is evidence to support the jury's verdict, so long as the court 'determines that, in its independent judgment, the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice.'"  AMW Materials Testing, Inc. v. Town of Babylon, 584 F.3d 436, 456 (2d Cir. 2009) (quoting Nimely v. City of New York, 414 F.3d 381, 392 (2d Cir. 2005)).

The plaintiff has shown no basis for a new trial.  The plaintiff complains about the decision granting the motion for summary judgment in favor of the City defendants.  However, it has been two years since the Court granted that motion, and the time for a motion for reconsideration has long since expired. In any event, the plaintiff does not explain why that decision was incorrect in any way and the Court is not aware of any error.  The result with regard to the grant of summary judgment to the City defendants would be the same if the question were evaluated under Rule 60(b) or Rule 59.  "Relief under Rule 60(b) is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'"  McKeown v. New York, 444 F. App'x 508, 508 (2d Cir. 2012) (summary order) (quoting United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  The plaintiff has not shown any reason why the grant of summary judgment was not proper, let

3

alone demonstrated the existence of any exceptional
circumstances.

The plaintiff complains of the fact that she did not have
counsel, but a "plaintiff has no right to counsel as a
plaintiff in civil litigation." Palacio v. City of New York,
489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). The Court was
attentive at all stages of these proceedings of the need to
accommodate the plaintiff's pro se status, including granting
numerous adjournments, appointing pro bono counsel to assist
the plaintiff with possible settlement (although the plaintiff
did not get along with pro bono counsel), providing the Pro Se
Manual to the plaintiff, and explaining the trial procedures to
the plaintiff. The plaintiff has failed to point to any errors
that occurred at the trial and the Court is not aware of any.

In short, the plaintiff's claims against the City
defendants were dismissed at the summary judgment stage and the
plaintiff's claims against the Castillos were rejected by the
jury after a fair trial. There is no basis for a new trial.

## CONCLUSION

The plaintiff's application for a new trial is **denied**.

SO ORDERED.

Dated:    New York, New York
          March 3, 2012

John G. Koeltl
United States District Judge

4

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

Lavado Adams                                    Docket No. 08 CV 5263 (JGK)

                              Plaintiff          Letter to Judicial officer;
                                                 Judge Koeltl
              ·Vs
New York city police department,
Mr. Castillo, Mrs. Castillo

                              Defendant.
-------------------------------------------------------X

        To whom it may concern, This lawful matter. The herein plaintiff seeks a remedy at law for the right to a retrial or a trial denovo, in the entrance of justice. At all times herein. The plaintiff lacked affective assistance of counsel by the contingency attorney(s) on the case in that: 1. "The attorney(s) began the attorney's work product and strategy for representing the case, and being the only one(s) fully familiar with the law as equated to the facts in this case. 2. The attorney(s) where under obligation to give oppositions to the City's Motion for Summery Judgment and failed to due so, and as such, the Defendant/City's Motion was granted, disposing of My (plaintiff's) claim. 3. At all times herein and mentioned, Plaintiff's attorney(s) with drew from the plaintiff's case after failure to respond to the Motion filed in March 2010, and leading to the Memorandum Opinion and Order, dated March 3, 2010; in error. 4. Plaintiff discovers that her attorney withdrew from the case, due to her curiosity for discovery on the progress of the case on April 13, 2010, just before pretrial conference and trial by jury. 5. Plaintiff is no pro se litigant and had never brandished the intent of standing pro se at trial or any other time in the proceeding thereof. 6. Plaintiff's attorney recanted from representation on the case leaving the plaintiff's case in a disaster after failure to answer the defendant's motion for summery judgment. It has yet been more than one year and no attorney will take the case. Attorneys consulted by plaintiff had informed plaintiff that it would not be likely that an attorney will take the case considering how the case had been compromised by the representing attorney's efforts. The attorney Mr. Eze failed to inform me (the plaintiff) that he had been relieved from the case thereby leaving plaintiff to stand pro se in the action. Plaintiff is not an attorney and do not have sufficient knowledge to represent a case before a jury. Plaintiff had no time or knowledge in which to do the research needed for the rules of discovery, jury selection or whatsoever else was needed at the time. Because I had relied on my attorney to my detriment, it can not be said that plaintiff had been rendered a fair trial.

The herein plaintiff, and on the merits as stated above seeks that Your Honor grants the herein plaintiff a new trial on the issue of the case of Lavado Adams verses the New york City police department and Mr. and Mrs Castillo or whatsoever your Honor deems just and proper.

Yours Truly
I Lavado Adams swear that the aforementioned is true and correct to the best of my informed knowledge and belief.

Lavado Adams_____

Subscribed and sworn to before me,
this_____ day of_____              JASON VANCE
                                           NOTARY PUBLIC, State of New York
_____                  No. 04VA5151023
Notary Public                              Qualified in Bronx County
                                           Commission Expires Feb. 8,20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____
DATE FILED: ____

LOVADO ADAMS,

                    Plaintiff,                    08 Civ. 5263 (JGK)

        - against -                    ORDER

CITY OF NEW YORK, ET AL.,

                    Defendants.

JOHN G. KOELTL, District Judge:

    A joint pretrial order, together with any motions in limine
or motions to bifurcate, shall be submitted by March 30, 2010.
The pretrial order shall conform to the Court's Form Joint
Pretrial Order, a copy of which may be obtained from the Deputy
Clerk.

    The parties shall be ready for trial on **48 hours** notice on
or after April 19, 2010.  The estimated trial time is one week,
and this a jury trial.

SO ORDERED.

Dated:    New York, New York
          March 2, 2010

                                        John G. Koeltl
                                  United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOVADO ADAMS,                                     Civil Action No.: 08 CV 5263 (JGK)

        Plaintiff,

                                  **DECLARATION OF UZOMA A. EZE**
                                  **IN SUPPORT OF OPPOSITION TO**
                                  **SUMMARY JUDGMENT MOTION**

    **v.**

GENARO CASTILLO; MRS. CASTILLO;
THE CITY OF NEW YORK, THE NEW
YORK CITY POLICE DEPARTMENT;
P.O. WASHINGTON; P.O. OTERO;
JANE DOE AND JOHN DOE 1-10
INCLUSIVE (the "DEFENDANT OFFICERS")

        Defendants.

      UZOMA A. EZE declares pursuant to 28 U.S.C. § 1746. under penalty of

perjury that the following is true and correct:

1.    I am attorney for plaintiff Lovado Adams .   As such I am familiar with

      the facts set forth below.

2.    This declaration is submitted in support of the plaintiff's opposition to

      defendants' motion for summary judgment.

3.    Annexed hereto as Exhibits are:

    a.  excerpts of the deposition of Lovado Adams dated June 26. 2009.

    b.  excerpts of the deposition of Police Officer Fred Washington, dated

       June 24, 2009.

    c.  excerpts of the deposition of Sergeant Victor Otero dated June 29,

       2009.

    d.  excerpts of the deposition of Rosa Castillo dated July 16, 2009.

e.   excerpts of the deposition of Genaro Castillo dated July 16. 2009.

f.   CCRB complaint

g.   report to the new york city crime victims assistance unit

h.   report to the NYPD legal bureau

i.   complaint ("incident information slip") number 8213 to the NYPD's

49th command

j.   plaintiff's notice of claim

k.   physician report from St. Barnabas Hospital and Jacobi Medical

Center.

l.   affidavit in support of declining prosecution.


Dated:        New York. New York
              September 14. 2009

                        /s/ UZOMA A. EZE

02/14/2012  16:16  3472716335

To : Judge Koeltl

2-14-2012

08cv.5263

212-805-7912



RECEIVED
FEB 14 2012
CHAMBERS OF
JOHN G. KOELTL
U.S.D.J.